UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR TEON LINDSEY, II,** | : | |
| Plaintiff, | : | CIVIL ACTION NO. 1:09-1426 |
| v. | : | (KANE, C.J.) |
| | | (MANNION, M.J.) |
| **FEDERAL BUREAU OF PRISONS, RISK MANAGEMENT/TORT CLAIM BRANCH, JASON A. SICKLER, and JOE KEFFER,** | : : | |
| | : | |
| Defendants. | | |

### REPORT AND RECOMMENDATION[1]

On July 23, 2009, the plaintiff, an inmate presently confined at the United States Penitentiary in Florence, Colorado, filed the instant civil rights action pursuant to 28 U.S.C. §1331. (Doc. No. 1). On January 26, 2010, the United States of America[2] filed a motion for a change of venue. (Doc. No. 18). For the reasons set forth below, the court will recommend that the motion for

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] The Assistant United States Attorney indicated in the motion that the only proper defendant for a claim under the Federal Torts Claim Act ("FTCA") is the United States of America, and as such, the Civil Division of the Department of Justice has not yet authorized him to represent the individually named defendants. Thus, the instant motion is only on behalf of the United States of America.

a change of venue be **GRANTED**.

**I.     FACTS AND PROCEDURAL BACKGROUND**

Plaintiff, who is presently confined at United States Penitentiary in Florence, Colorado, was previously confined at the United States Penitentiary in Pollock, Louisiana ("USP Pollock"). (Doc. No. 19-2). On August 20, 2008, during plaintiff's confinement at USP Pollock, plaintiff was placed in the Special Housing Unit. *See* Pl.'s Ex. A , (Doc. No. 11-2). Following plaintiff's placement in the Special Housing Unit, prison staff went to secure and inventory plaintiff's personal property. *Id.* Upon doing so, prison staff found that plaintiff's locker was unsecured. *Id.* On August 28, 2008, prison staff gave plaintiff the opportunity to review the inventory of his personal property, and at that time, plaintiff discovered that there were some items missing. *Id.* Consequently, on December 8, 2008, and on December 12, 2008, plaintiff submitted two administrative tort claims (TRT-SCR-2009-01536 and TRT-SCR-2009-02382) for the loss of personal property, and for injuries and damages. (Doc. No. 11 at 1).

Attached as Exhibit A to the complaint, is a response to plaintiff's FTCA claims by defendant Jason A. Sickler, Regional Counsel for the BOP's South Central Regional Office in Dallas, Texas. *See* Pl.'s Ex. A, (Doc. No. 11-2).

Defendant Sickler's letter indicates that plaintiff was offered the sum of $33.35 to reimburse him for the loss of one pair of tennis shoes and a prayer rug. *Id.* The plaintiff refused this offer of settlement, and he takes issue with the timeliness of the offer of settlement. (Doc. No. 11 at 1-2). As relief, plaintiff seeks "Injuries & Damages for the loss of all his personal property for $17,500.00 and court cost of $250.00 and Attorney fees of $150.00 a hour at 300 hours." *Id.*

In addition, attached as Exhibit B to plaintiff's complaint, are documents that appear to be related to illegal UCC lien activities and proceedings that plaintiff may have commenced against the prison official defendants, Jason A. Sickler and Joe Keffer, during July and August of 2009. *See* Pl.'s Ex. B, (Doc. No. 11-3).

On January 26, 2010, the United States of America filed a motion to change venue, accompanied by a brief in support. (Doc. No. 18, Doc. No. 19). As of the date of this report, the plaintiff has failed to file a brief in opposition to the motion. In accordance with Local Rule 7.6, the motion is deemed unopposed. It will, however, be given a merits review in accordance with *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991), as plaintiff is proceeding *pro se*.

3

## II. DISCUSSION

The United States of America filed a motion to change venue, specifically requesting that this case be transferred to the United States District Court for either the Western District of Louisiana, or the District of Colorado, as this action involves no contacts within the Middle District of Pennsylvania. (Doc. No. 19 at 1).

> With respect to Federal defendants, 28 U.S.C. §1391(e) provides:
>
> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. §1391(e) (emphasis added). Moreover, to the extent that the instant action is considered as having been brought pursuant to the FTCA, in an action against the United States, venue is proper only in the judicial district where the plaintiff resides *or* in the district where the act or omission giving rise to the claim occurred. 28 U.S.C. §1402(b).

Here, there is no indication that plaintiff resides within the Middle District of Pennsylvania, and it is clear that none of the facts underlying the complaint

occurred within the Middle District of Pennsylvania. Therefore, it is evident that the Middle District of Pennsylvania is not the proper venue for this action.

Rather, the court finds that venue is proper in the United States District Court for the Western District of Louisiana. It appears that the events giving rise to plaintiff's FTCA claims arose during his incarceration at USP Pollock, which is located within the Western District of Louisiana. *See* Cunningham Aff. at ¶6, (Doc. No. 19-2 at 4).[3]

Moreover, in considering proper venue, the court must look at the factors set forth in §1404(a) in rendering an appropriate decision that is in the interest of justice. *See Jumara v. State Farm Insurance Co., 55 F.3d 873, 879 (3d Cir. 1995)*. "For the convenience of parties and witnesses, in the interest in justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a).

---

[3] The United States of America also argues that venue would be proper in the District of Colorado as that is the judicial district where plaintiff resides based on his incarceration at the United States Penitentiary at Florence, Colorado. The court finds that this argument is incorrect. *See Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa. 1992) ("An inmate does not become a resident of a state merely by virtue of his incarceration there if he was a resident of another state before his incarceration and there is no indication that he intends to relocate to the state of incarceration upon his release."). Thus, the court cannot find that, based on plaintiff's present confinement, venue would be appropriate in the District of Colorado.

In this case, the action is in its early stages. Based upon the allegations set forth in the complaint, this action properly belongs in the Western District of Louisiana and the interests of justice further require its transfer to the Western District of Louisiana pursuant to 28 U.S.C. §1404(a).[4]

### III. RECOMMENDATION

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the motion for a change of venue, (Doc. No. 18), be **GRANTED** to the extent that the instant action be transferred to the Western District of Louisiana.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** April 8, 2010
O:\shared\REPORTS\2009 Reports\09-1426-02.wpd

---

[4] In addition, defendant Joe Keffer, the Warden at USP Pollock, presumably resides in the Western District of Louisiana.