RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE __/__3__/__11__

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

VICTOR TEON LINDSEY, II                    DOCKET NO. 10-CV-0792; SEC. P
#19944-051

VERSUS                                      JUDGE DEE D. DRELL

FEDERAL BUREAU OF PRISONS, ET AL.   MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is the pro se complaint of Victor Teon Lindsey, II, filed in forma pauperis in the Middle District of Pennsylvania on July 23, 2009. [Doc. #1]  The case was served on the defendants, who filed a motion to transfer venue. [Doc. #16, 17, 18] The motion was granted on May 11, 2010, and the case was transferred to the Western District of Louisiana. [Doc. #22] To date, no answer has been filed by the defendants.

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP) and is currently incarcerated at the United States Penitentiary in Florence, Colorado.  Plaintiff alleges a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b)(1). He names as defendants the Federal Bureau of Prisons, Jason Sickler, Joe Keffer, and J. Shannon.  He seeks $17,500.00 for loss of personal property, court costs, and attorneys fees.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## STATEMENT OF THE CASE

Plaintiff alleges that on or around August 20, 2008, he was placed in the Segregated Housing Unit (SHU) at United States Penitentiary Pollock (USPP). Plaintiff claims that, on August 28, 2008, he noticed that some of his personal property was missing. Plaintiff filed Administrative Tort Claims, which were assigned numbers TRT-SCR-2009-01536 and TRT-SCR-2009-02382. Plaintiff was offered a settlement of his claim in the amount of thirty-three dollars and thirty-five cents, representing the depreciated cost of one pair of tennis shoes and a prayer rug. [Doc. #11-1, p.3 of 8] Plaintiff rejected the offer and chose to file suit.

## LAW AND ANALYSIS

Plaintiff presents his claim under the FTCA. The doctrine of sovereign immunity "renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued." Williamson v. United States Dep't of Agriculture, 815 F.2d 368, 373 (5th Cir. 1987). The Federal Tort Claims Act (FTCA) is one statute pursuant to which the United States has waived sovereign immunity and has consented to be sued. 28 U.S.C. §2671, et seq. Waivers of sovereign immunity must be strictly construed. See Wilkerson v. United States, 67 F.3d 112, 118 (5th Cir. 1995)(citing United States v. Sherwood, 312 U.S. 584, 590 (1941)).

First, all suits brought under the FTCA must be brought

against the United States.  See McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998)("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant"); Atorie Air Inc. v. F.A.A. of U.S. Dept. of Transp., 942 F.2d 954, 957 (5th Cir. 1991)("All suits brought under the FTCA must be brought against the United States."). In this case, Plaintiff did not name the United States as a defendant, and his suit is subject to dismissal on that basis.

Moreover, even if Plaintiff had named the United States as the defendant, his suit should still be dismissed. 28 U.S.C. § 2680(c) provides that "[t]he provisions of the [FTCA] shall not apply to... any claim arising in respect of... the detention of any goods, merchandise, or other property by an officer of customs or excise or any other law enforcement officer...." The Fifth Circuit has held that BOP employees are "law enforcement officer[s]" for the purpose of Section 2680(c). Chapa v. United States Department of Justice, 339 F.3d 388, 390 (5th Cir. 2003). The Fifth Circuit has also concluded that when, as alleged here, the BOP takes temporary custody of a prisoner's property pending transfer or relocation, such act constitutes "detention" for purposes of Section 2680(c). See id. at 390-91; see also Ali v. Fed. Bureau of Prisons, 128 S.Ct. 831 (2008). In this case, Plaintiff alleges that his personal property was detained by BOP law enforcement officers pursuant to a transfer from general population to the SHU. Thus,

3

this Court lacks jurisdiction over Plaintiff's claims.

## CONCLUSION

For the forgoing reasons, **IT IS RECOMMENDED that Plaintiff's complaint be DENIED AND DISMISSED for lack of jurisdiction.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 3rd day of _____, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4